## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## NORTHERN DIVISION

LAQUESA R. STRINGFELLOW, )
)
      Plaintiff, )
)
v. )     Case No. 2:21-CV-22-JAR
)
WARDEN OF WOMEN'S EASTERN )
RECEPTION, DIAGNOSTIC AND )
CORRECTIONAL CENTER, et al., )
)
      Defendants. )

### MEMORANDUM AND ORDER

This matter is before the Court upon the application of self-represented Plaintiff LaQuesa

R. Stringfellow, an inmate at Women's Eastern Reception, Diagnostic and Correctional Center

("WERDCC"), for leave to commence this civil action without prepayment of the required filing

fee. ECF No. 8. Having reviewed the motion and the financial information submitted in support,

the Court finds Plaintiff does not have sufficient funds to pay the entire filing fee and will assess

an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review

of the amended complaint, the Court will provide Plaintiff with the opportunity to submit a second

amended complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is

required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her

prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial

partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's

account, or (2) the average monthly balance in the prisoner's account for the prior six-month

period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff did not submit a prison account statement with her motion for leave to commence this civil action without payment of the required filing fee. Plaintiff states the institution has refused to provide her with a certified inmate account statement. ECF No. 8-1. Therefore, Plaintiff will be required to pay an initial partial filing fee of $1.00, an amount that is reasonable based upon the information before the Court. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of their prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances"). If Plaintiff is unable to pay the initial partial filing fee, she must submit a copy of her prison account statement in support of her claim.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

2

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## Background

On February 24, 2021, self-represented Plaintiff LaQuesa R. Stringfellow commenced this action by filing a letter in the United States District Court for the Southern District of Illinois. ECF No. 1. The letter asserts various complaints against the WERDCC regarding its treatment of inmates, including allegations related to overcrowding and food quality. On February 26, 2021,

the Court issued an order directing Plaintiff to file a motion for leave to proceed *in forma pauperis* and an amended complaint on a Court-provided form. ECF No. 4. On March 17, 2021, Plaintiff timely complied. *See* ECF Nos. 8, 9. On March 19, 2021, the Honorable Judge Stephen P. McGlynn entered an order transferring the instant action to this Court pursuant to the federal venue statute, 28 U.S.C. § 1391(b), for the reason that "[a]ll of the events or omissions giving rise to Plaintiff's claims occurred at WERDCC located in Vandalia, Missouri, which is situated in the federal judicial district for the Eastern District of Missouri. ECF No. 10.

**The Amended Complaint**

Plaintiff's amended complaint is drafted on the Southern District of Illinois form for civil rights actions brought pursuant to 42 U.S.C. § 1983. Plaintiff names as Defendants the Warden of WERDCC, April Colman, Melissa Hirst, Amanda Riffenbark, and Kitt Douglas. Plaintiff does not state whether the Defendants are being sued in their official or individual capacities.[1]

In the statement of claim section of the form complaint, Plaintiff alleges that on or around February 15, 16, and 17 non-party Ms. Akers instructed her and another African American inmate, Kitt Douglas, to place their identification cards at the side of their faces "to make sure [their] face[s] matched [their] picture." Plaintiff states three Caucasian inmates were also in the room, but did not receive the same instruction. Plaintiff further alleges Ms. Akers told her to "shove [her]

---

[1] If a complaint is silent about the capacity in which a defendant is being sued, the complaint is interpreted as including only official capacity claims. *Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007); *see also Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("[I]n order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity"); *Artis v. Francis Howell North Band Booster Ass'n, Inc.*, 161 F.3d 1178, 1182 (8th Cir. 1998) ("If the complaint does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official capacity"); *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995) ("If a plaintiff's complaint is silent about the capacity in which she is suing the defendant, we interpret the complaint as including only official-capacity claims").

4

hand up [her] behind over the intercom for speed walking to the shower just like everyone else were and the entire pod heard her say it."

For relief, Plaintiff "would like the Court to acknowledge the fact that the State of Missouri has a no hate crime law." Plaintiff does not seek monetary damages.

### Discussion

Having thoroughly reviewed and liberally construed Plaintiff's amended complaint, the Court concludes it is subject to dismissal. However, in consideration of Plaintiff's self-represented status, the Court will allow her to file an amended complaint.

In this action Plaintiff names five Defendants, the Warden of WERDCC, April Coleman, Melissa Hirst, Amanda Riffenbark, and Kitt Douglas. Plaintiff's complaint is subject to dismissal because she does not make any direct allegations against a specific Defendant. *See Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (affirming dismissal of self-represented plaintiff's complaint against defendants who were merely listed as defendants in the complaint, but there were no allegations of constitutional harm against them).

To the extent Plaintiff is intending to allege supervisory liability against any of the Defendants, such a claim fails under 42 U.S.C. § 1983. A plaintiff must allege a defendant's personal involvement and culpable state of mind in inflicting harm. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for

5

incidents that injured plaintiff); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (*respondeat superior* theory inapplicable in § 1983 suits).

Although Plaintiff names Kitt Douglas as a Defendant, it appears from her statement of the claim that Douglas is a fellow African American inmate who was also required to place her identification card next to her face. To the extent Plaintiff intended to name Kitt Douglas not as a Defendant, but as a co-Plaintiff, she may not do so. While federal law authorizes Plaintiff to plead and conduct her own case personally, *see* 28 U.S.C. § 1654, she lacks standing to bring claims on behalf of others. In addition, Plaintiff is not an attorney licensed to practice law. Only a licensed attorney may represent another party's interests in federal court. *See Lewis v. Lenc–Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986) (a person who is not licensed to practice law may not represent another individual in federal court).

Lastly, as currently alleged, Plaintiff's claim regarding the manner in which she was required to show her identification card during a three-day period fails to set forth facts that state a claim as a matter of law. To state a claim under § 1983, a plaintiff must allege that (1) defendant acted under color of state law, and (2) defendant's alleged conduct deprived plaintiff of a constitutionally protected federal right. *See Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009) (emphasis added). First, it is unclear whether the defendants, other than the Warden, are employed by the Missouri Department of Corrections as Plaintiff has only provided their names without identifying their employer. As such, the Court cannot say Defendants acted under color of state law. Second, Plaintiff's claim seems to assume that correctional officers or institutional staff are not allowed to instruct inmates to display their identification cards in a particular manner. Plaintiff has not shown how such requests resulted in a violation of her constitutional rights and

6

has not identified which particular constitutional right was violated. As to Ms. Akers comment that Plaintiff "shove [her] hand up [her] behind," verbal harassment actionable only if it is so brutal and wantonly cruel that it shocks the conscience, or if the threat exerts coercive pressure on the plaintiff and the plaintiff suffers from a deprivation of a constitutional right. *See King v. Olmsted*, 117 F.3d 1065, 1067 (8th Cir.1997). Also, Ms. Akers is not a named as a defendant in this action.

Because Plaintiff is self-represented, the Court will permit her to file a second amended complaint to attempt to cure her pleading deficiencies.

### Instructions on Amending the Complaint

Plaintiff is warned that the filing of her second amended complaint replaces the original complaint and her first amended complaint, and so it must include all claims Plaintiff wishes to bring. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Plaintiff must type or neatly print the second amended complaint on this Court's prisoner civil rights complaint form, which will be provided to her. *See* E.D. Mo. L.R. 45 – 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms").

In the "Caption" section of the second amended complaint, Plaintiff must state the first and last name, to the extent she knows it, of each defendant she wishes to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). Plaintiff must *avoid* naming anyone as a defendant unless that person is directly related to her claim. Plaintiff must also specify whether she intends to sue each defendant in his or her individual capacity, official capacity, or both.

7

In the "Statement of Claim" section, Plaintiff should begin by writing the Defendant's name. In separate, numbered paragraphs under that name, Plaintiff should set forth a short and plain statement of the facts that support her claim or claims against that Defendant. *See* Fed. R. Civ. P. 8(a). Each averment must be simple, concise, and direct. *See id.* Plaintiff must state her claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). If Plaintiff names a single Defendant, she may set forth as many claims as she has against that defendant. *See* Fed. R. Civ. P. 18(a). If Plaintiff names more than one Defendant, she should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2).

It is important that Plaintiff allege facts explaining how each Defendant was personally involved in or directly responsible for harming her. *See Madewell*, 909 F.2d at 1208. Plaintiff must explain the role of the Defendant, so that the Defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim."). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017). Plaintiff must not amend a complaint by filing separate documents. Instead, she must file a single, comprehensive pleading that sets forth her claims for relief.

8

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall mail to Plaintiff two blank Prisoner Civil Rights Complaint forms.  Plaintiff may request additional forms as needed.

**IT IS FURTHER ORDERED** that Plaintiff must file a second amended complaint on the Court's form within **thirty (30) days** of the date of this Order.

**IT IS FURTHER ORDERED** that if Plaintiff fails to timely comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.

Dated this 26ᵗʰ day of March, 2021.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

9