**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION**

| | |
|---|---|
| LAQUESA R. STRINGFELLOW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:21-CV-22-JAR |
| ) | |
| WARDEN OF WOMEN'S EASTERN ) | |
| RECEPTION, DIAGNOSTIC AND ) | |
| CORRECTIONAL CENTER, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon review of the file. On March 26, 2021, the Court ordered self-represented plaintiff LaQuesa R. Stringfellow, an inmate at Women's Eastern Reception, Diagnostic and Correctional Center ("WERDCC"), to file a second amended complaint within thirty (30) days. ECF No. 12. Plaintiff has not complied, and the time for doing so has passed. Therefore, for the reasons discussed below, this action will be dismissed without prejudice. *See* Fed. R. Civ. P. 41(b).

Plaintiff initiated this case on February 24, 2021 by filing a letter in the United States District Court for the Southern District of Illinois. ECF No. 1. On February 26, 2021, the Court issued an order directing plaintiff to file an amended complaint on a Court-provided form, and plaintiff timely complied. ECF Nos. 4, 9. On March 19, 2021, plaintiff's case was transferred to this Court pursuant to the federal venue statute, 28 U.S.C. § 1391(b), for the reason that "[a]ll of the events or omissions giving rise to Plaintiff's claims occurred at WERDCC located in Vandalia, Missouri, which is situated in the federal judicial district for the Eastern District of Missouri." ECF No. 10.

Plaintiff's amended complaint named the Warden of WERDCC, April Colman, Melissa Hirst, Amanda Riffenbark, and Kitt Douglas as defendants, but failed to state whether they were being sued in their official or individual capacities. Plaintiff alleged that on or around February 15, 16, and 17 non-party Ms. Akers instructed her and another African American inmate, Kitt Douglas, to raise their identification cards "to make sure [their] face[s] matched [their] picture." Plaintiff stated three Caucasian inmates were in the room but did not receive the same instruction. Plaintiff further alleged that Ms. Akers told her to "shove [her] hand up [her] behind over the intercom for speed walking to the shower just like everyone else were and the entire pod heard her say it." For relief, plaintiff requested "the Court to acknowledge the fact that the State of Missouri has a no hate crime law." Plaintiff did not seek monetary damages.

On March 26, 2021, this Court reviewed plaintiff's amended complaint and determined it was subject to dismissal for failing to allege how each named defendant was personally involved in or directly responsible for the incidents that injured plaintiff, and for failure to state how each defendant's alleged conduct deprived plaintiff of a specific constitutionally protected federal right. *See* ECF No. 12. The Court also noted it was unclear whether some of the defendants were state actors as she alleged one out of the five defendants was a fellow inmate. *Id.* In consideration of plaintiff's self-represented status, the Court directed her to file a second amended complaint on a form provided by the Eastern District of Missouri for the purpose of curing her pleading deficiencies.

Plaintiff's amended complaint was due to the Court on April 26, 2021. To date, however, she has neither complied with the Court's Order, nor sought additional time to do so. The Court gave plaintiff meaningful notice of what was expected, cautioned her that this case would be

dismissed if she failed to timely comply, and gave her additional time to comply. Therefore, this action will be dismissed without prejudice due to plaintiff's failure to comply with this Court's March 26, 2021 Order and her failure to prosecute this case. *See* Fed. R. Civ. P. 41(b); *see also Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order); *Dudley v. Miles*, 597 F. App'x 392 (8th Cir. 2015) (per curiam) (affirming dismissal without prejudice where self-represented plaintiff failed to file an amended complaint despite being cautioned that dismissal could result from failure to do so).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** than an appeal from this dismissal would not be taken in good faith.

Dated this 17th day of May, 2021.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

3